■ In the Matter of the Arbitration between JAMES A. MUGITS, Appellant, and FEDERAL MUTUAL INSURANCE COMPANY, Respondent.— *Per Curiam*. Appeal from a judgment of the Supreme Court at Special Term entered February 13, 1968 in Albany County which granted a motion to stay arbitration pending the determination by a jury of the preliminary issue of fact as to whether the vehicle of Wilhelmina Carter is an uninsured automobile within the uninsured motorists endorsement policy provision issued by the Federal Mututal Insurance Company to claimant. Claimant was involved in an automobile accident in Maryland in 1965 with a vehicle owned by Carter and operated by Richard L. George, both residents of Connecticut. Affidavits of Carter and the attorney who represented her in connection with said accident recite that at the time of the occurrence the Carter car was not covered by liability insurance. A letter from the Connecticut Department of Motor Vehicles stated that Carter and George failed to comply with the Financial Responsibility Law of Maryland and were referred for suspension action but on January 26, 1966 said department closed out its file on the basis of a security deposit posted in Maryland and upon notification from Maryland of the restoration of their privilege. A 1967 letter from the Maryland Department of Motor Vehicles stated that Carter and George posted a surety bond as evidence of financial responsibility in their case number 774358, same having been retained for one year and then returned as there was no indication of civil litigation. These letters confirm that Carter and George failed to comply with financial responsibility laws and that official action, such as referral for suspension, was taken. The facts submitted, together with the reasonable deductions or conclusions flowing logically therefrom, all indicate that Wilhelmina Carter was at the time in question the owner of an "uninsured automobile" within the policy provisions. Judgment reversed, on the law, with costs, and application to stay arbitration dismissed. Gibson, P. J., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum *Per Curiam*.